# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-863
_____

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

Appellant,

v.

SYLVIA JOHNSON,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

February 5, 2019

PER CURIAM.

Florida Gas Transmission ("FGT") appeals a final order awarding attorney's fees related to a protracted eminent domain action. FGT argues the trial court erred in awarding attorney's fees pursuant to subsection (2), rather than subsection (1), of section 73.092, Florida Statutes (2018). We agree and reverse.

FGT is a natural gas transmission pipeline company which sought to construct and operate a pipeline on Johnson's property. On or about January 13, 2010, FGT submitted a written offer to Johnson, offering $12,127.80 as full compensation for the easement it required for construction of a pipeline. Johnson rejected the offer, and FGT filed a Petition in Eminent Domain on

April 5, 2010.  On June 9, 2010, the parties filed a Joint Motion for Entry of a Stipulated Order of Taking, which reduced the scope and size of the taking from what was originally anticipated.  It was not until August 15, 2017, that the parties filed a Joint Motion for Entry of Proposed Final Judgment in which FGT ultimately agreed to pay Johnson $420,000.00. Thereafter, Johnson filed a Motion to Tax Fees and Costs.  Johnson argued FGT's initial offer of $12,127.80 was invalid as the scope of the easement changed following the offer, and that the attorney's fee award under subsection (1) of the statute was unconstitutionally low.  Ultimately, the trial court awarded Johnson hourly attorney's fees pursuant to subsection (2) of the statute in the amount of $611,441.50.

On appeal, FGT argues the trial court erred by calculating attorney's fees pursuant to section 73.092(2), the lodestar method, rather than section 73.092(1), the benefits achieved method, as there is no valid offer.  Section 73.092(1) provides, in pertinent part:

> (1) Except as otherwise provided in this section and s. 73.015, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.

> (a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney.  If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired . . . .

Under subsection (1), once the benefits achieved is determined, a formula is applied to determine the attorney's fees owed.  § 73.092(1)(c), Fla. Stat.  Under subsection (2), a defendant may be awarded attorney's fees "incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings" using the lodestar method.  § 73.092(2), Fla. Stat.

2

Based on the plain reading of the statute, the benefits achieved method must be applied where there is a written offer and subsequent final judgment. However, section 73.092 does not define what constitutes a "written offer." Here, Johnson argues the initial offer submitted by FGT is not a valid offer because there was a change in the scope of the easement after the offer was made. However, we are constrained by this Court's decision in *JEA v. Williams*, 978 So. 2d 842 (Fla. 1st DCA 2008), and, thus, must disagree.

In *JEA*, JEA argued attorney's fees should be based on the difference between the third offer and the settlement obtained, claiming the first offer "sought to acquire a different interest on the original property and less total property than the final taking." *Id.* at 845. This Court affirmed the lower court's order holding the first letter offering to purchase an easement was a written offer in pre-suit eminent domain proceedings for the purposes of calculating attorney's fees. *Id.* at 846. This Court held:

> [S]uch a construction is not supported by the text of section 73.092 and judicial interpretation of the statute is not appropriate where the language of the statute is clear and unambiguous. Section 73.092 states that attorney's fees are computed based on the difference between the last written offer before the landowner has hired counsel and the final judgment. As such, this Court is bound to give effect to the statute's clear and unambiguous language.

*Id.* at 845-46 (internal citations omitted). Thus, based on *JEA*, this Court finds the offer in the instant case was valid at the time it was made, and a subsequent change to the scope of the easement did not invalidate the offer.

As the initial offer was valid for the purposes of calculating attorney's fees under the benefits achieved method, the trial court erred in applying the lodestar method set forth in subsection (2) of the statute. On remand, the trial court should calculate the attorney's fees owed utilizing the benefits achieved method. However, should the trial court find on remand additional attorney's fees were incurred by Johnson in supplemental proceedings, additional fees may be awarded for the time spent

related to those issues. Additional fees arising from supplemental proceedings should be awarded pursuant to the lodestar method. We do not address the issue of whether application of the benefits achieved method is unconstitutional, as applied, as the issue was not ruled on by the trial court and, thus, is not before us.

We REVERSE and REMAND for further proceedings consistent with this opinion.

MAKAR, WINOKUR, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Ethan J. Loeb, Jon P. Tasso, and Michael J. Labbee of Smolker, Bartlett, Loeb, Hinds & Thompson, P.A., Tampa, for Appellant.

Michael J. Tomkiewicz, Gino Luzietti, and Ashley H. Lukis of GrayRobinson, P.A., Tallahassee; James W. Anderson and Jeffrey H. Savlov of Savlov & Anderson, P.A., Tallahassee, for Appellee.